**Asma SALIM, Petitioner,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

No. 05–72419.

United States Court of Appeals, Ninth Circuit.

---

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Submitted Nov. 9, 2007 **.

Filed Nov. 14, 2007.

Alan Hutchison, Esq., Reno, NV, for Petitioner.

NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Heather R. Phillips, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL and BYBEE, Circuit Judges, and ZAPATA ***, District Judge.

### MEMORANDUM ****

Asma Salim, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252.

Several ambiguities in the IJ's opinion preclude proper review of this case. The IJ's use of the term "severe" in holding that Salim failed to establish past persecution, and his citation to a case that applies the standard for humanitarian asylum, render it impossible to determine whether he applied the correct legal standard in considering Salim's claim of past persecution. Further, the IJ failed to recognize that a past persecution finding affected the burden analysis for well-founded fear of future persecution and changed country conditions. Neither did he properly describe changed country conditions as an independent factor justifying denial of asylum.

Thus, we cannot conduct a proper review of this case. We remand to the BIA for clarification. *Recinos de Leon v. Gonzales,* 400 F.3d 1185, 1189 (9th Cir.2005). On remand, the BIA must take Salim's testimony as true, because the IJ failed to make an explicit adverse credibility finding. *See Kalubi v. Ashcroft,* 364 F.3d 1134, 1141–42 (9th Cir.2004). If further factual determinations are necessary, the BIA must remand to the IJ under 8 C.F.R. § 1003.1(d)(3)(iv). *Recinos,* 400 F.3d at 1194.

REMANDED.

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** The Honorable Frank R. Zapata, United States District Judge for the District of Arizona, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.